IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGELIA R. KONCZAL,

                Plaintiff,              OPINION AND ORDER

v.

                                     14-cv-032-wmc

ST. CROIX CASINO TURTLE LAKE, and
U.S. GOVERNMENT,

                Defendants.

---

*Pro se* plaintiff Angelia R. Konczal filed this lawsuit, purportedly against "St. Croix Casino Turtle Lake" and the "U.S. Government," as well as paid the full filing fee. The court has since reviewed plaintiff's 33-page complaint, but is unable to discern a distinct understandable claim from a hodgepodge of themes and grievances.

A district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)). After a careful review of the complaint, the court cannot understand plaintiff's seemingly unrelated allegations of fact, her varied claims, or even the relief that she seeks. By way of example only, to the extent that Konczal would take issue with wage practices or Medicaid administration generally (among one of many possible themes in the disjointed pleadings), these allegations are insufficient to invoke federal jurisdiction. *See G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540-41 (7th Cir. 2012) (explaining

that "when the harm alleged in the complaint is a generalized one shared in substantially equal part by a large class of citizens, that harm alone normally will not warrant the exercise of federal jurisdiction") (citations omitted).

Accordingly, the court will dismiss Konczal's complaint and return her $400 filing fee.  If Konczal wishes to pursue a future claim in this court, her complaint must be limited to either one defendant or involve the same transaction, occurrence, or series of transactions or occurrences.  Also, pursuant to Rule 8(d), "each allegation must be simple, concise, and direct."  "The primary purpose of [Rule 8] is rooted in fair notice: a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'"  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (citation omitted).

The best method for Konczal to accomplish this task is to retain counsel to represent her.  While plaintiff may not have money to do this up front, often a lawyer will agree to represent a client on a contingency basis if the claim is meritorious, particularly where there is a promise of reimbursement of fees and cost by statute as may be true, for example, with respect to some hour and wages claims.  Less common, but also possible, where the merits of a claim may be uncertain, an attorney may agree to take on a potentially meritorious claim on a *pro bono* (*i.e.*, no fee) basis.  Failing either possibility, the court attaches a form to assist *pro se* plaintiffs with setting forth her claim(s) clearly and concisely.  If she decides to proceed without the benefit of legal counsel, plaintiff is encouraged to follow strictly the guidance set forth in that form.

ORDER

IT IS ORDERED that plaintiff Angelia R. Konczal's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to return the $400 filing fee.

Entered this 12th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge